UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>**LEONARD T. PILLING,**  )<br>Defendant.  )<br>  ) | Case No. 12-cv-40054-TSH |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION
FOR ISSUANCE OF ORDER AUTHORIZING MORTGAGE FORECLOSURE**
**August 9, 2012**

Hillman, D.J.

  Plaintiff, the United States of America, through its Farm Service Agency, is the owner and holder of a mortgage on the defendant/mortgagor's property.  The plaintiff seeks approval of its proposed mortgage foreclosure in accordance with the Servicemembers' Civil Relief Act of 2003, 50 U.S.C. § 533(c).  The Act protects against foreclosure actions that begin during, or within nine months after, the period of military service by a party with an interest in real property.  Failure to comply with the Act does not invalidate a foreclosure; instead, it simply makes certain that there will be no cloud on title following foreclosure based on an interested party having just been in, or just released from, military service.  *Beaton v. Land Court,* 367 Mass. 385, 390 (1975) (discussing effects of the precursor to the 2003 act -- the Soldier's and Sailor's Civil Relief Act of 1940); *see also Guleserian v. Pilgrim Trust Co.,* 331 Mass. 431, 433-34 (1954); *Hull v. Attleboro Savings Bank,* 25 Mass.App.Ct. 960, 961 (1988).

  To show compliance with the Act, the plaintiff filed a Complaint for Approval of Mortgage Foreclosure (Document No. 1) and later was granted an Order of Notice requiring,

among other things, that a notice of the foreclosure sale be sent via certified mail to the defendant at his last known address (Document No. 3). Plaintiff sent the notice to:

> Mr. Leonard Pilling
>
> Westborough, MA[1]

The Court finds this address insufficient because it lacks a house or apartment number and a street address. Insofar as all correspondence with the defendant is similarly lacking, and there is no indication the defendant has received the plaintiff's notices and correspondence,[2] this Court cannot issue an order authorizing the mortgage foreclosure. Unless and until plaintiff can show this Court that defendant has received notice of the foreclosure sale, no order authorizing the sale will issue.

**ORDER**

For the foregoing reasons, Plaintiff's Motion for Issuance or Order Authorizing Mortgage Foreclosure is denied without prejudice. The plaintiff has ninety (90) days to re-file its motion for issuance of an order with proof of service on the defendant, or (2) to dismiss, without prejudice, its case against the defendant.

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE

---

[1] It appears from the record that all communications from the plaintiff to the defendant have been sent to this "address." (see, e.g., "Notice of Availability of Loan Servicing" attached to the complaint at Document No. 1) Nowhere in the record is there an indication that defendant has actually received any of the plaintiff's communications.

[2] The plaintiff did not file a signed receipt from the certified mailing.